■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CHARLES JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Facelle, J.), rendered May 2, 1988, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY C. JONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered June 8, 1987, convicting him of burglary in the first degree and rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are

satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant contends that the victim's identification testimony was insufficient to support the verdict. His argument, however, is based on the erroneous premise that the victim made a misidentification during a pretrial lineup procedure. The record reveals that the victim, in fact, recognized and selected the defendant in three separate lineups. She also positively identified him during the trial. Since resolution of issues of credibility as well as the weight to be accorded to the evidence are primarily questions for the jury, and since the jury's verdict was supported by the record, the defendant's argument in this regard must be rejected (see, People v Garafolo, 44 AD2d 86).

The defendant additionally contends that his warrantless arrest was improper. However, in view of the fact that the defendant was arrested in a backyard, and not in his home, his claim of a violation of his constitutional rights, pursuant to the holding in Payton v New York (445 US 573), is similarly unavailing.

We further find that the sentence was neither harsh nor excessive.

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.